UNITED STATES of America, Appellee

v.

Louis A. WILSON, a/k/a
Spuds, Appellant.

No. 05–3186.

United States Court of Appeals,
District of Columbia Circuit.

March 2, 2007.

Roy Wallace McLeese, III, Elizabeth Trosman, Lisa Hertzer Schertler, U.S. Attorney's Office (USA) Criminal Appellate, Stratton C. Strand, U.S. Attorney's Office (USA) Civil Appellate, Kenneth L. Wainstein, Assistant Attorney General, U.S. Department of Justice (USA) National Security Division, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Mary Manning Petras, Federal Public Defender, Washington, DC, for Appellant.

Before: GARLAND and KAVANAUGH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

A jury found appellant Louis Wilson guilty of killing a witness with intent to prevent the witness from testifying against Wilson's brother (James) at the latter's trial for robbing a post office. The evidence at Louis Wilson's trial included the testimony of four eyewitnesses who identified him as the shooter. After this court upheld Wilson's conviction on direct appeal, he filed a motion pursuant to 28 U.S.C. § 2255, alleging that one of the four eyewitnesses—Kevin Eddings—had testified falsely. According to an affidavit by Eddings, although Eddings had testified that he was certain that Wilson was the shooter, he was in fact uncertain and had so informed the government prior to testifying. On the basis of this affidavit, Wilson alleges that the government knowingly presented perjured testimony in violation of *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and failed to honor its obligation to disclose exculpatory evidence under *Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Wilson also alleges that he received constitutionally ineffective assistance of counsel at his trial.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations omitted); *see United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Wilson has not demonstrated that he is actually innocent and, even assuming that he can show cause, he cannot establish prejudice under any relevant standard. *See United States v. Gale*, 314 F.3d 1, 4 (D.C.Cir.2003) (com-

paring prejudice standards under *Agurs* and *Kyles* ).

As we said in denying Wilson's direct appeal, the evidence against him was "overwhelming." *United States v. Wilson*, 160 F.3d 732, 741 n. 8 (D.C.Cir.1998). It included three eyewitnesses, apart from Eddings, who testified that they saw Louis Wilson shoot the victim. The jury also heard testimony that, shortly before the shooting, the Wilson family learned that the victim was to be the key witness against Wilson's brother (James), and that thereafter Wilson and another brother (Ralph) were seen armed and looking for the victim. Eddings' new affidavit, which continues to place Louis Wilson at the murder scene but now states that Eddings "could not tell who had the gun" does not refute or undermine the prosecution's other evidence in any way. Wilson is thus unable to show prejudice, and that inability is fatal to all of his claims, including his claim for ineffective assistance of counsel (which, unlike the others, does not also require a showing of cause for not raising the claim on direct review). *See Massaro v. United States*, 538 U.S. 500, 503, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).